**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROBERT CUMMINGS, JR.,

      Petitioner,

v.                                     Case No. 8:15-cv-806-T-33TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

## ORDER

Petitioner Robert Cummings, Jr., an inmate in the Florida Department of Corrections proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). He challenges his convictions entered by the Circuit Court for the Twelfth Judicial Circuit, Sarasota County, Florida. Respondent filed a response (Doc. 11), in which it asserts that the petition is untimely. Cummings did not file a reply. Upon review, the petition must be dismissed as time-barred.

## PROCEDURAL HISTORY

Cummings was charged with second degree murder with a firearm (count one), attempted second degree murder with a firearm (count two), robbery with a firearm or deadly weapon (count three), and possession of a firearm by a person under 24 years previously found delinquent (count four). (Doc. 13, Ex. 19, Vol. I, pp. 69-72.) At trial, he was convicted of all charges. Cummings was sentenced to life imprisonment on count one, terms of 30 years in prison on counts two and three, and 15 years in prison on count four. (Doc. 13, Ex. 19, Vol. II, pp. 282-87.) The state appellate court *per curiam* affirmed his

convictions and sentences.   (Doc. 13, Ex. 5.)

Cummings filed a state habeas petition, in which he alleged that appellate counsel was ineffective for not challenging the jury instructions on second degree murder with a firearm.  (Doc. 13, Ex. 7.)  The state appellate court granted his petition.  It reversed his conviction for second degree murder with a firearm and remanded for a new trial on that charge.  *Cummings v. State*, 103 So.3d 1048 (Fla. 2d DCA 2013).

Cummings then filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.  (Doc. 13, Ex. 11.)  While the motion was pending, he entered a plea of guilty to the charge of second degree murder with a firearm and received a sentence of 30 years in prison.  (Doc. 13, Ex. 12, p. 2.)  The record reflects that Cummings entered the plea with the understanding that he could withdraw the plea if he obtained postconviction relief. (Id.)  The state court later denied his postconviction motion, and the state appellate court *per curiam* affirmed the order of denial.  (Doc. 13, Exs. 12, 16.)  The state appellate court denied Cummings' motion for rehearing and request for written opinion.  (Doc. 13, Ex.  17.)

## UNTIMELINESS OF FEDERAL HABEAS PETITION

Respondent asserts that Cummings' federal habeas petition is time-barred. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year period of limitation for filing a § 2254 federal habeas petition.  This period runs from the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A). The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . ." 28 U.S.C. § 2244(d)(2).

Cummings is in custody on more than one judgment of the state court.  The first judgment concerns counts two, three, and four.  His convictions and sentences were affirmed on direct appeal on March 23, 2011.  They became final 90 days later, on June 21, 2011, upon expiration of the time to file a petition for writ of certiorari in the United States Supreme Court.  *Clay v. United States*, 537 U.S. 522, 527 (2003); *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002).   He did not file any tolling applications with respect to this judgment before the expiration of the one-year period to file a federal habeas petition.  Accordingly, Cummings' federal habeas petition, filed on March 31, 2015, is untimely to the extent it challenges his 2011 judgment.[1]

Cummings is also in custody on the state court judgment for second degree murder with a firearm that was entered when he pleaded to that offense after obtaining state habeas relief.  A separate AEDPA limitation period applies to this judgment.  *See Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1288 (11th Cir. 2007) (the limitation period runs "from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction *and* sentence the petitioner is serving become final.") (emphasis in original).  Cummings entered a plea to second degree murder with a firearm on October 25, 2013.[2]  The record does not reflect that Cummings appealed his plea-based conviction

---

[1] Cummings' state habeas petition, filed on April 6, 2012, did not toll the limitation period with respect to the 2011 judgment for which he is now in custody because it only challenged his conviction for second degree murder with a firearm. Under 28 U.S.C. § 2244(d)(2), the limitation period is tolled for the time during which a properly filed application for collateral review "with respect to the pertinent judgment or claim" is pending.

Even assuming that this petition tolled the time to challenge his 2011 judgment, Cummings' federal habeas petition is untimely.  After his judgment became final, 290 days of untolled time passed before Cummings filed his state habeas petition on April 6, 2012.  The state appellate court's mandate issued on January 23, 2013.  Another 90 days, for a total of 380 days of untolled time, passed before Cummings filed his motion for postconviction relief on April 23, 2013. Accordingly, more than one year of untolled time elapsed prior to the filing of Cummings' federal habeas petition.

[2] A review of the Twelfth Judicial Circuit's online docket for Cummings' case reveals that the 2013 judgment is limited to the count of second degree murder with a firearm.

and resulting sentence.  Accordingly, the judgment for second degree murder with a firearm became final 30 days later, on November 24, 2013.  *See Booth v. State*, 14 So.3d 291, 292 (Fla. 1st DCA 2009); *Gust v. State*, 535 So.2d 642, 643 (Fla. 1st DCA 1988).  Cummings had one year to file a federal habeas petition challenging this judgment.  There is no indication from the record that Cummings filed any collateral application with respect to this judgment that would have tolled the AEDPA limitation period.[3]  It expired before Cummings filed his federal habeas petition on March 31, 2015.  Thus, Cummings' petition is also untimely to the extent it may challenge his 2013 judgment for second degree murder with a firearm.

Cummings does not argue or demonstrate that equitable tolling applies to allow the review of his untimely petition.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (The one-year limitation period of § 2244(d) "is subject to equitable tolling in appropriate cases.").  Furthermore, Cummings presents no proof of his actual innocence that would permit review of his habeas petition.  *See McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924, 1928 (2013)

---

[3] The postconviction motion pending at the time Cummings entered his 2013 plea, which alleged ineffective assistance of counsel during the trial, did not challenge Cummings' plea-based conviction for second degree murder with a firearm.  In rejecting the postconviction motion, the state court noted:

> On October 25, 2013, the Defendant entered into a plea as the Second Degree Murder charge [Count 1], with the condition that his plea can be withdrawn should his motion for postconviction relief be successful, but the Sentence will remain unchanged if the motion for postconviction relief is denied.  Upon his entry to a plea, as to Count 1, the Defendant was sentenced to a term of 30 years in the Department of Corrections, concurrent with Count 2.  The Defendant received credit for time served and all prior prison and jail credit.  A 25 year minimum mandatory sentence was imposed per Section 775.087, Florida Statutes.  By virtue of the instant order's denial of the relief sought by the Defendant, this Sentence shall remain unchanged.
>    The Court addresses the Motion as it relates to Counts 2 through 4.  The Motion is rendered moot as to Count 1 by virtue of the Defendant obtaining relief from the Second District and the October 25, 2013 sentence issued by this Court sentencing the Defendant to a term of 30 years in the Department of Corrections as to Count 1.

(Doc. 13, Ex. 12, p. 2.) Cummings did not address his 2013 plea-based conviction on collateral appeal. (Doc. 13, Ex. 14.)

("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations."). To prove his innocence, Cummings must present "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Such evidence must show "that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006).

The Court notes that in Ground Two of the federal habeas petition, Cummings alleges Lillie Mae Johnson, who did not testify at trial, provided police with exculpatory information. He claims that Johnson saw the gunman outside the scene and told police this person was not Cummings, whom she knew. Cummings asserts law enforcement suppressed this information. To the extent that Cummings' allegation could be construed as evidence of actual innocence, it is conclusory and unsubstantiated. Cummings does not explain how he learned of this allegedly suppressed information, presents no affidavit or other statement of Johnson, and points to no other evidence in support of his assertion. Cummings does not present new reliable evidence of his actual innocence. Nor does Cummings establish that, had such evidence been presented, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.[4] Accordingly, Cummings has not proven his actual innocence so as to allow review of his untimely habeas petition. Cummings' petition must be dismissed as time-barred.

_____

[4] Evidence at trial included the attempted second degree murder victim's testimony that Cummings, whom she knew, was the shooter. (Doc. 13, Ex. 19, pp. 118-19, 130-32, 135, 138.)

It is therefore **ORDERED** that Cummings' petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as time-barred.  The Clerk is directed to enter judgment against Cummings and to close this case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

It is further **ORDERED** that Cummings is not entitled to a certificate of appealability (COA).  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a COA, Cummings must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Cummings cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484. Finally, because Cummings is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**ORDERED** at Tampa, Florida, on March 30, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Robert Cummings, Jr.
Counsel of Record